UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/16/2017

------------------------------------------------------------X

WEI QIU, Individually and on Behalf of All Other :
Employees Similarly Situated                      :
                                                  :
                              Plaintiff,          :          16-CV-7760 (VEC)
                                                  :
            -against-                             :          OPINION & ORDER
                                                  :
JIA XING 39TH INC., LI XING INC., XING           :
WONG GOURMET INC., XING YUE INC.,                :
CHENG ZHONG HUANG, ZHENG JING                    :
HUANG, XING HUANG, LIAO LILI, XUE YAN :
WANG, JOHN DOE and JANE DONE #1-10,              :
                                                  :
                              Defendants.         :

------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

   Plaintiff Wei Qiu, a kitchen employee at Szechuan Gourmet ("Restaurant"), has sued the

owners and operators of the Restaurant for failing to pay overtime wages in violation of the Fair

Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Defendants have moved

to compel arbitration pursuant to Plaintiff's employment agreement ("Agreement"). For the

following reasons, the Court GRANTS Defendants' motion to compel arbitration.

## BACKGROUND

   Several months after starting to work at the Restaurant,[1] Plaintiff signed the Agreement,

which contains an arbitration provision. The Agreement provides, in relevant part:

> 3. **Claims.** Employee and Employer agree to arbitrate all claims,
> demands, disputes, controversies, difference, or misunderstandings
> (hereinafter called "Claims") for the resolution of all workplace
> disputes or claims. Employer and Employee agree that [t]he
> procedures provided in this Agreement will be the sole method used
> to resolve any Claims as of the effective date of this Agreement,

---

[1]  The parties dispute the number of months that Plaintiff worked prior to signing the Agreement. *Compare*
Declaration of Wei Qiu ("Qiu Decl.") ¶¶ 1, 3, Dkt. 26 (10 months) *with* Declaration of Zheng Jing Huang's in
Support of Defendants' Motion to Compel Arbitration ("Huang Decl.") ¶¶ 3, 5, Dkt. 19 (3 months). As discussed
herein, however, that dispute is irrelevant for purposes of this motion.

> regardless of when the Claims arose. Employer and Employee agree
> to accept an arbitrator's award as the final, binding, and exclusive
> determination of all Claims . . . . Claims include[] but are not limited
> to: . . . (d) Violations of any common law or constitutional provisions,
> federal, state, county, municipal, or other government statute,
> ordinance, regulation or public policy . . . . For example . . . New
> York Labor Law . . . Fair Labor Standards Act . . . .

Huang Decl. Ex. A ("Agreement"), ¶ 3, Dkt. 19.

The parties do not dispute that Defendant Huang gave Plaintiff the Agreement and that Plaintiff signed it. Qiu Decl. ¶¶ 3, 6; Huang Decl. ¶¶ 5, 8. Plaintiff, however, asserts that the arbitration provision in the Agreement is not binding because the Agreement was written entirely in English, which Plaintiff cannot read. Qiu Decl. ¶ 2. According to Plaintiff, at the time that Mr. Huang provided him with the Agreement, Mr. Huang told him that it was about meal credit, and Mr. Huang did not review the remainder of the Agreement with Plaintiff. Qiu Decl. ¶¶ 4–5. Mr. Huang, on the other hand, avers that he "reviewed the [Agreement] with Qiu, allowed him an opportunity to review the [Agreement], and ask any questions he may have on its content," but that "Qiu did not have any questions and declined to review the contract any further." Huang Decl. ¶¶ 6–7. Plaintiff signed the Agreement on the spot. Qiu Decl. ¶ 6.

Defendants move to compel arbitration, arguing that Plaintiff's claims must be resolved in arbitration pursuant to the Agreement's arbitration provision. Plaintiff opposes the motion, arguing that he was fraudulently induced into signing the Agreement and, in the alternative, that the Agreement does not bind Plaintiff for the months that he worked at the Restaurant preceding his execution of the Agreement. For the reasons discussed herein, the Court concludes that the arbitration agreement is binding and enforceable. The Court accordingly GRANTS Defendants' motion to compel arbitration and STAYS this case pending the conclusion of arbitration proceedings.

**DISCUSSION**

## I.     Legal Standard

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, was designed to "ensure judicial enforcement of privately made agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985). The FAA provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This section manifests "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The FAA "requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989). *See also* 9 U.S.C. § 4 ("[T]he court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.").

"In resolving a claim that an action must be directed to arbitration under an arbitration agreement, [a] Court must determine: (i) whether the parties entered into an agreement to arbitrate; (ii) if so, the scope of that agreement; (iii) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (iv) if some, but not all, claims are subject to arbitration, whether to stay the balance of the proceedings pending arbitration." *Arnold v. D'Amato*, No. 14 CIV. 6457 PAE, 2015 WL 4503533, at *5 (S.D.N.Y. July 23, 2015). If the scope of the arbitration agreement is broad such that it requires arbitration of "any and all disputes," then "there arises a presumption of arbitrability." *Edwards v. Macy's Inc.*, No. 14-CV-8616 (CM), 2015 WL 4104718, at *10 (S.D.N.Y. June 30, 2015) (citing *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.,* 58 F.3d 16, 23 (2d Cir. 1995)). In addition, where all of the plaintiff's claims are arbitrable and a stay is requested, the Court must stay, rather than dismiss,

the proceedings. *Katz v. Cellco P'ship*, 794 F.3d 341, 342, 345 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 596 (2015).

In reviewing a motion to compel arbitration, the Court "applies a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). The party seeking to compel arbitration "must make a prima facie initial showing that an agreement to arbitrate exists before the burden shifts to the party opposing arbitration to put the making of that agreement 'in issue.'" *Hines v. Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010). In making its initial showing, the moving party need not demonstrate "that the agreement would be *enforceable*, merely that one existed." *Id.* (emphasis in original). "Subsequently, the party 'seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid.'" *Begonja v. Vornado Realty Trust*, 159 F. Supp. 3d 402, 409 (S.D.N.Y. 2016) (quoting *Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010)).

Plaintiff argues that the contract "is unenforceable because Defendant Huang knowingly misrepresented the terms of the Agreement to Plaintiff and . . . Plaintiff signed it under duress." Memorandum of Law in Opposition of Defendants' Motion to Compel Arbitration ("Opp.") at 2, Dkt. 25. In addition, regardless of whether there is a binding arbitration agreement, Plaintiff argues that the Agreement does not obligate Plaintiff to arbitrate his claim to the extent it involves wages paid for the months that Plaintiff worked prior to executing the Agreement. Plaintiff's arguments are unavailing.

Plaintiff first argues that he was fraudulently induced into and was under duress when he signed the Agreement because of his inability to read English. Fraud, duress, or unconscionability may void an arbitration agreement. *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010). Moreover, "[i]f the signer is illiterate . . . or ignorant of the

alien language of the writing, and the contents thereof are misread or misrepresented to him by the other party . . . unless the signer be negligent, the writing is void," *Victorio v. Sammy's Fishbox Realty Co., LLC*, No. 14 CIV. 8678 CM, 2015 WL 2152703, at *11 (S.D.N.Y. May 6, 2015) (quoting *Pimpinello v. Swift & Co.*, 253 N.Y. 159, 163 (1930)). In general, however, "a party will not be excused from his failure to read and understand the contents of a document." *Id.* at *11 (internal quotation marks and citations omitted). "New York courts have repeatedly ruled that even the fact that a[n] [] employee possesses an imperfect grasp of the English language will not relieve the employee of making a reasonable effort to have the document explained to him." *Ragone*, 595 F.3d at 122. Failure to do so is gross negligence, which does not invalidate the written contract. *Victorio*, 2015 WL 2152703, at *14 ("If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him." (quoting *Pimpinello*, 253 N.Y. at 162-63)).

Plaintiff fails to establish that he was fraudulently induced into signing the Agreement. Plaintiff asserts that Mr. Huang "knowingly misrepresented the terms of the Agreement to Plaintiff," Opp. at 2, because Mr. Huang told Plaintiff that the Agreement concerned meal credit and failed to inform Plaintiff of the other terms in the Agreement. Plaintiff, however, does not dispute that Mr. Huang showed Plaintiff the Agreement and gave him the opportunity to ask questions, but that Plaintiff declined to ask any questions before signing the Agreement. Even accepting Plaintiff's assertion that he understood the Agreement to be about meal credit, the Agreement's meal credit compensation amount is numerically written and is on the first page of a four-page contract. Agreement § 2. Where, as here, Plaintiff failed to undertake further inquiry into the document that he signed, the Court cannot find that Plaintiff was fraudulently induced into signing the Agreement. Further, Plaintiff does not adduce any evidence tending to

show he was under duress when he signed the Agreement.  Therefore, the Court concludes that Plaintiff cannot avoid his agreement to arbitrate on grounds of fraud or duress.

Plaintiff next argues that the Agreement does not bind Plaintiff for the months that he worked at the Restaurant before he signed the Agreement.  This argument is meritless.  The Agreement explicitly states, "Employer and Employee agree that [t]he procedures provided in this Agreement will be the sole method used to resolve any Claims as of the effective date of this Agreement, ***regardless of when the Claims arose***."  Agreement § 3 (emphasis added).  Federal courts have regularly upheld the applicability of a broad arbitration provision to claims accruing prior to the execution of the arbitration agreement.  *Lai Chan v. Chinese-Am. Planning Council Home Attendant Program, Inc.*, 180 F. Supp. 3d 236, 241 (S.D.N.Y. 2016) (collecting cases).  Further, any doubts regarding the scope of arbitrable issues must be resolved in favor of arbitration.  *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 130 (2d Cir. 2015); *see also Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) ("'procedural questions' [that] grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide" (emphasis in original)).  In light of the presumption in favor of arbitrability, the Court rejects Plaintiff's argument that claims accruing prior to his execution of the Agreement are not subject to arbitration.

**CONCLUSION**

For the following reasons, Defendants' motion to compel arbitration is GRANTED. This case is STAYED pending the conclusion of arbitration proceedings. Because the Court grants the motion to compel arbitration, Plaintiff's motion to certify the class [Dkt. 20] is DISMISSED without prejudice. The Clerk of Court is respectfully directed to terminate Docket Entry Nos. 17 and 20 and to place this case on the suspense docket.

**SO ORDERED.**

Date: **May 16, 2017**
      **New York, New York**

                                      **VALERIE CAPRONI**
                                      **United States District Judge**